Rodney NORTON, Plaintiff,

v.

WILSHIRE CREDIT CORP., Defendant.

Civ. No. 95–3223(WHW).

United States District Court,
D. New Jersey.

Feb. 17, 1999.

**218**

W. Thomas McDonough, Jr., McDonough, Kiernan & Campbell, Montclair, NJ, for Plaintiff.

Elizabeth Watson Gramigna, Deutsch, Resnick, Green & Kiernan, Springfield, NJ, for Defendant.

## OPINION

WALLS, District Judge.

This matter comes before the Court on the application of the plaintiff, Rodney Norton, for attorney's fees pursuant to 15 U.S.C. § 1692k. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

## BACKGROUND

Plaintiff, Rodney Norton, filed a claim against Wilshire Credit Corporation alleging violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"). Despite attempts by both sides to settle the matter, no mutually acceptable resolution was reached. As a result, a lengthy litigation ensued which included an arbitration, a summary judgment motion, a trial on damages, and an appeal to the Third Circuit. The plaintiff succeeded on summary judgment and was awarded $5,800 by the jury. The defendant succeeded on its counterclaim and won a jury award of $1,651.63. On appeal, the decision of this Court was affirmed. Plaintiff's counsel now renews his earlier application for fees under the fee shifting provisions of the FDCPA, and petitions this Court for fees and costs totaling $67,697.56.

## DISCUSSION

### A. Legal Standard

The FDCPA requires the payment of attorneys fees to a successful consumer in a debt collection action.[1] 15 U.S.C. § 1692k. The FDCPA mandates an award of attorney's fees, absent unusual circumstances, as a means of fulfilling Congress' intent that the FDCPA be enforced by private debtors. *See Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir.1991).

A plaintiff must be a "prevailing party" to recover attorney's fees under 15 U.S.C. § 1692k. This term has been defined in various ways, however, "a typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." [2] *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76

---

1. 15 U.S.C. § 1692k: Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of ... (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purposes of harassment, the court may award to defendant attorney's fees reasonable in relation to the work expended and costs.

2. Though the U.S. Supreme Court in *Hensley* was considering an award of attorney's fees under 42 U.S.C. § 1988, the *Hensley* Court specifi-

cally stated that: "the standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Furthermore, the Third Circuit held in *Graziano v. Harrison,* 950 F.2d 107 (3d Cir. 1991), that when determining attorney's fees under the Fair Debt Collections Practices Act, courts should look to the substantial Supreme Court precedent regarding the calculation of reasonable attorney's fees under other statutes. *Id.* at 114, *citing, Texas State Teachers Assoc. v. Garland Indep. School Dist.,* 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

L.Ed.2d 40 (1983) (internal quotations omitted) *citing, Nadeau v. Helgemoe,* 581 F.2d 275 (1st Cir.1978). "This is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.'" *Id.* at 433, 103 S.Ct. 1933.

■■■ The District Court has broad discretion in fashioning a reasonable award of attorney's fees under the FDCPA. *See Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 721 (3d Cir.1989). The court may reduce the award of attorney's fees by an amount to be determined solely by the court, but only if the opposing party objects to the petitioners application for fees. *See id.*

■■■ The "initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *citing, Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Student Pub. Int. Res. Group v. AT & T Bell Labs.,* 842 F.2d 1436 (3d Cir.1988). This method of calculating attorney's fees is known as the lodestar method. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) (explaining the genesis of the lodestar approach and its nomenclature). Excluded from the lodestar calculation are hours not reasonably expended, such as hours attributable to over-staffing, hours that appear excessive in light of the experience and skill of the lawyers, and hours that are redundant or otherwise unnecessary. *See Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. The court may also deduct from the award hours that are not adequately documented. *See id.* at 433, 103 S.Ct. 1933.

■■■ The lodestar amount is presumed to be reasonable. *See Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990). However, a court may downwardly adjust a lodestar amount to account for time expended litigating unsuccessful claims if the plaintiff was only partially successful in the underlying litigation. *See id.* This adjustment is not meant to maintain any ratio or proportionality between the amount of damages and attorney's fees, but, rather, to assure that fees are awarded only to the extent that the litigant was successful. *See Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031, 1042 (3d Cir.1996). The amount of the downward adjustment can be determined in two ways: "the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley,* 461 U.S. at 436–37, 103 S.Ct. 1933.

Prevailing parties may also collect reasonable attorney's fees for the time spent preparing the fee petition. *See Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 924–25 (3d. Cir.1985). Such time, however, should be considered separately by the court, and may also be reduced to reflect the partial success of the petition. *See Student Public,* 842 F.2d at 1455.

B. Analysis

As a threshold matter, the Court finds that the plaintiff in this matter is a prevailing party. *See Norton v. Wilshire Credit Corp.,* Civ. No. 95–3223 (D.N.J. July 15, 1997) (order granting summary judgment in favor of plaintiff on his claims of violation of 15 U.S.C. § 1692g(a), (b), and § 1692e); *see also Jury Award* (awarding plaintiff $5,800 in damages).

The defendant argues that the underlying litigation was conducted in bad faith because the plaintiff was never apprised of an initial settlement offer made by Wilshire and because plaintiff's counsel refused to settle the damages portion of the claim without settling the attorney's fees as well. However, with regard to the initial offer, this misunderstanding has been resolved by the plaintiff in his affidavit to the Court. Apparently, at a non-binding arbitration in this matter, the plaintiff was confused about which offer counsel was referring to in her questioning. From that, defense counsel deduced that the plaintiff must have never been apprised of the initial offer by his counsel. However, the plaintiff eventually recalled the offer and his discussion with counsel about that offer.

The affidavits submitted to this court by the plaintiff and his counsel reveal that the plaintiff was made aware of the defendant's initial offer. Furthermore, this Court finds that the petitioner's settlement negotiations did not constitute exceptional circumstances because he made no offer to only settle the damages portion of the claim. Since this Court finds no exceptional circumstances in this case, the Court is statutorily bound to award reasonable attorney's fees.

The defendant does not object to the petitioner's application for costs of $789.56, and therefore, the Court awards the full amount requested. The defendant does, however, object to the petitioner's calculation of his legal fees.

■ To determine whether an attorney's hourly rate is reasonable, a court must look to the prevailing market rates of the relevant community for legal services of the same character performed by attorneys of comparable skill and experience. *See Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). At the outset of this case, the petitioner's hourly rate was $200.00. It has now increased to $215.00. This Court finds that both an hourly rate of $200.00 in 1995 at the commencement of this action, and a current hourly rate of $215.00 are reasonable within the prevailing legal market of Northern New Jersey for an attorney of petitioner's experience.

■ Petitioner seeks to apply his recently increased hourly rate of $215.00 to each hour billed in this case. This court recognizes that when determining fees for prevailing counsel, the delay in payment factor should be considered and the fees adjusted accordingly. To do so, this Court may either base the award on the current rates of the attorney, as requested by the petitioner in this case, or by adjusting the fee based on historical rates to reflect its present value. *See Pennsylvania v. Delaware Valley Citizen's Council*, 483 U.S. 711, 716, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). This Court finds that the delay in payment will be compensated by applying the petitioner's current market rate to all hours billed in this case. As such, the petitioner seeks attorney's fees in the amount of $66,908 for approximately 311.2 hours of work at $215 per hour.

■ The Court does not agree with the defendant's contention that the fee award should be reduced because it does not show with particularity the work done on each claim. The work done by the petitioner on the separate claims was inextricably intertwined and it is unnecessary, in this case, for the plaintiff to document exactly which claim is being worked on. No reduction will be made on this basis.

■ Next, the defendant argues that the award of attorney's fees should be proportional to the amount of the award. The award to the plaintiff is substantially less than the requested attorney's fees and therefore, defendant argues, the attorney's fees should be reduced significantly. The court, however, rejects the defendant's contention. First, the defendant relies on *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), where in dicta, the U.S. Supreme Court acknowledged that the amount of the award is relevant, but explained that it is simply one of many factors a court is to consider when determining reasonable attorney's fees. The Court "reject[ed] the proposition that fee awards ... should necessarily be proportionate to the amount of damages...." *Id.* This Court has considered the amount of the award in relation to the amount of attorney's fees requested and has determined that no adjustment need be made.

The defendant argues that the plaintiff prolonged this litigation for the self-serving purpose of inflating his legal fees. On this point as well, the Court disagrees with the defendant, and makes special note that it was the defendant who eagerly pursued an appeal to the Third Circuit on almost frivolous grounds, thereby protracting this litigation and Mr. McDonough's attorney's fees.

The Court will reduces Mr. McDonough's attorney's fees because: (1) plaintiff's counsel billed his adversary for hours unnecessarily spent on this litigation; and (2) the plaintiff was only partially successful in the underlying litigation.

In reviewing the case file, the court notes that the complaint is two pages in length, that there are no amended pleadings, that there was no oral argument required of the summary judgement motion, and that the bulk of the work involved an arbitration, a trial on the sole issue of damages, and the appeal to the Third Circuit which was decided on the papers. Accordingly, after a thorough review of plaintiff's counsel's petition, the Court reduces the fee petition as follows:

First, in light of the petitioner's substantial experience and expertise, 68.3 hours preparing for the motion for summary judgment which was decided on the papers appears, and this Court finds it to be, unnecessary. It is excessive to spend practically seventy hours preparing for a summary judgment motion in this relatively simple FDCPA case, especially when petitioner had spent 34 hours preparing for arbitration of the same issues only a few months earlier. The Court excludes 10% of the hours petitioned for as being unreasonable. The lodestar amount is $60,217.20.

Second, this lodestar amount will be reduced to account for the time spent litigating unsuccessful claims. *See Rode v. Dellarciprete*, 892 F.2d 1177 (3d Cir.1990). A downward adjustment from the lodestar may be warranted where the party seeking fees enjoyed limited success in the underlying litigation. Essentially, the plaintiff succeeded on one claim—that the defendant violated 15 U.S.C. § 1692g. The plaintiff alleged, however, that the defendant violated four sections of Title 15. One of those claims was dismissed on summary judgment by this Court, and plaintiff was left to his proofs on the remaining claims. The jury found that the plaintiff was entitled to damages from a violation of 15 U.S.C. § 1692g only. "The success in [plaintiff's] lawsuit, although not insignificant, falls somewhat short of total." *Colbert v. Trans Union Corp.*, 1997 WL 550784 at *4.

Ideally, when determining the amount by which to reduce the lodestar the Court will be able to separate compensable and noncompensable time. *See Hensley*, 461 U.S. at 434–35, 103 S.Ct. 1933. It is not possible, however, for this Court to identify and ex-

clude with any level of accuracy the hours spent on the unsuccessful claims in this case. Rather than exclude specific hours, the Court will "simply reduce the award" to reflect the plaintiff's partial success. *Id.* at 436–37, 103 S.Ct. 1933. Accordingly, the fee petition of the plaintiff will be reduced by 5% to reflect the partial success of the plaintiff's claim.

With regards to attorney's fees for the preparation of this fee petition, the Court notes that the petitioner has already made reasonable, voluntary reductions in his petition. No further reductions are necessary.

## CONCLUSION

The lodestar amount of $60,217.20 (311.2 total hours reduced by ten percent for time spent which this Court finds to be unnecessary, multiplied by a $215.00 hourly rate) will be reduced by 5% for the reasons discussed above. The total award of attorney's fees to the petitioner is $57,206.34. Total costs awarded to the petitioner are $789.56. In total, the Court awards the petitioner $57,-995.90 in fees and costs payable by the defendant, Wilshire Credit Corp.

**SO ORDERED.**

## ORDER SETTING ATTORNEY'S FEES

This matter comes before the Court on the petition of plaintiff's counsel for attorney's fees pursuant to 15 U.S.C. 1692k. Upon consideration of the submissions of the parties and for the reasons stated in the accompanying opinion, it is on this day of February, 1999: ORDERED that the defendant, Wilshire Credit Corporation, pay plaintiff's counsel, W. Thomas McDonough, Esq. costs in the amount of $789.56. IT IS FURTHER ORDERED that the defendant, Wilshire Credit Corporation, pay plaintiff's counsel, W. Thomas McDonough, legal fees in the amount of $57,206.34.