David LASKOWSKI, Plaintiff,

v.

Chris BUHAY, Dominic McGinley, Kevin McGinley, and Brian Shurock, Defendants.

No. 4:CV–99–0779.

United States District Court, M.D. Pennsylvania.

May 4, 2000.

---

Barry H. Dyller, Wilkes–Barre, PA, for plaintiff.

Edward A. Monsky, Fine, Wyatt & Carey, Scranton, PA, for defendants.

## ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On May 13, 1999, David Laskowski initiated this action by filing an eight count complaint. On October 12, 1999, he filed an amended complaint containing eleven counts. Four of those counts are based upon 42 U.S.C. § 1983. The named defendants are Chris Buhay, Dominic McGinley, Kevin McGinley, and Brian Shurock. Plaintiff's claims are based on events which occurred while they were on duty as local police officers. Attorney's fees pursuant to 42 U.S.C. § 1988 are among the relief sought by Plaintiff in his prayer for relief.

On February 23, 2000, the Defendants' counsel served Plaintiff's counsel an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. The full text of that offer is as follows:

The Defendants, by and through their counsel, Fine, Wyatt & Carey, P.C., hereby serve upon the Plaintiff an offer to allow judgment to be taken against the Defendants in the amount of $25,000, with costs accrued. This Offer of Judgment is made pursuant to Fed.R.Civ.P. 68.

On February 29, 2000, Plaintiff's counsel responded to that offer by writing two letters. The first letter stated in its entirety [i]n response to your February 23, 2000, offer of judgment pursuant to Fed.R.Civ. Pro. 68, on behalf of my client plaintiff David Laskowski, we hereby accept your offer to allow judgment to be taken against the defendants in the amount of $25,000.00, with costs accrued. You may file your offer and this acceptance with the clerk of courts, so that Judgment may be entered in favor of plaintiff and against all defendants.

In the second letter, Plaintiff's counsel expressed his belief that 1) in light of the judgment, the Defendants were responsible for Plaintiff's costs, including attorney's fees, 2) the dollar amount of those costs was not included in the $25,000 of the accepted offer, and 3) because the additional amount for costs was undetermined, that figure would have to be established. On March 14, 2000, Defendants' counsel wrote a letter to Plaintiffs' counsel in which he withdrew the offer served on February 23, 2000. On March 16, 2000, Plaintiff's counsel filed with the court a copy of the Defendants' Rule 68 offer of judgment and a copy of his first letter in which he accepted that offer.

On March 27, 2000, the Defendants filed a motion to set aside judgment pursuant to Rule 60 or, in the alternative to alter or amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. In that motion the Defendants seek an order which would explicitly include all of Plaintiff's costs and attorney's fees within the $25,000 settlement figure. A brief in support of that motion was filed on April 10, 2000.

On April 14, 2000, Plaintiff filed a cross-motion for entry of judgment against the Defendants for $25,000, *plus* Plaintiff's costs and attorney's fees. On that same date, the Plaintiff filed a brief which he presented as both supporting his motion and opposing the Defendants' motion to set aside, or alter and

amend the judgment. On May 1, 2000, the Defendants filed their brief in opposition to Plaintiff's motion for entry of judgment. On that same date, Plaintiff notified the court that he would not be filing a brief in reply. The time allowed for the Defendants to file a brief in reply to Plaintiff's brief opposing their motion has expired and none has been filed. The cross-motions are ripe for disposition.

Rule 68 of the Federal Rules of Civil Procedure provides in relevant part that

[a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of that offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

Fed.R.Civ.P. 68.

Each party implicitly concedes that the requirements of that rule have been fulfilled. Although Rule 68 authorized the Clerk of Court to enter a judgment based upon the documents filed by Plaintiff's counsel on March 16, 2000, no judgment has been entered in this case. While that may be a technical reason to deny the Defendants' motion on the ground that it is premature, such denial would only precipitate the refiling of the motion in the event that we grant Plaintiff's motion. We will consider the merits of the Defendants' motion so we can dispose of it without undue delay.

The Defendants' position is that they are entitled to relief because 1) Plaintiff's counsel did not accept the terms of their settlement offer, but instead inserted additional terms in his second letter of February 29, 2000, and 2) they considered and intended their offer to encompass everything which the Plaintiff would receive from them, including all costs and attorney's fees. The Plaintiff counters that binding precedent has addressed and refutes the Defendants' position.

Our analysis begins with the United States Supreme Court's commentary on Rule 68. In *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the Supreme Court stated

[t]he plain purpose of Rule 68 is to encourage settlement and avoid litigation.... The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits.

*Id.*, 473 U.S. at 5, 105 S.Ct. at 3014. In evaluating those risks "[t]o be sure, application of Rule 68 will require plaintiffs to 'think very hard' about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates." *Id.*, 473 U.S. at 11, 105 S.Ct. at 3017.

The plain language of Rule 68 establishes that a Defendant who extends an offer pursuant to that rule thereby imposes certain obligations upon the recipient of that offer. The most significant obligation is that an offeree who does not accept the offer and who ultimately recovers less than the defendant's offer is required to pay the costs incurred after the making of the offer. Because the extension of such an offer imposes such potentially significant consequences on both the offeror and the offeree, we agree with the Honorable Jay C. Waldman in that "[i]f there is any occasion in civil litigation which calls for caution and care by counsel, it is the drafting of a Rule 68 offer." *Taylor v. Chevrolet Motor Division*, 1998 WL 341924, *2 (E.D.Pa.) (Waldman, J.) (citing 12 Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 3005.2 (1997) ("in all but the most extraordinary circumstances mistakes should not affect" Rule 68 judgments)).

The attention required in drafting a Rule 68 offer is even greater in the context of a civil rights action. The preparation and consideration of a Rule 68 offer in such an action are complicated by the presumption, imposed by 42 U.S.C. § 1988, that "a prevailing party 'should ordinarily recover an attorney's fee unless special circumstances would render an award unjust.'" *El Club Del Barrio v. United Community Corporations*, 735 F.2d 98, 100 (3d Cir.1984) (quoting *Hensley v. Ecker-*

*hart*, 461 U.S. 424, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983)). The Court of Appeals for the Third Circuit has applied that presumption in two cases similar to this one.

In *El Club Del Barrio* the court addressed the issue of

> whether the failure of the parties to a civil rights suit to have provided for attorneys fees in a written settlement agreement creates a 'special circumstance' depriving a prevailing plaintiff in the underlying action of its right to reasonable attorneys fees under 42 U.S.C. § 1988 (1976).

*Id.*, at 99. In holding that the plaintiffs were entitled to their attorney's fees, the court reasoned that

> [i]t would thus seem that the best rule of law would be one that places the burden on the party losing the underlying litigation. If the parties cannot agree on counsel fees and the losing party wishes to foreclose a suit under section 1988 for attorneys fees, it must insist that a stipulation to that effect be placed in the settlement agreement.

*Id.*, at 101.

In *Ashley v. Atlantic Richfield Co.*, 794 F.2d 128 (3d Cir.1986), the Court of Appeals considered whether a plaintiff in a civil rights case waived her right to an award of attorney's fees when she signed a settlement agreement which was silent as to the payment of such fees. The court in *Ashley* maintained its holding in *El Club Del Barrio* and added that requiring an express waiver of attorney's fees "furthers the nationally legislated, preferred policy of Congress" set forth in § 1988. *Id.*, at 139.

Those cases establish the principle that a civil rights plaintiff's statutory rights to attorney's fees "may be voluntarily bargained away by the party so entitled, [but] may not be assumed away by the party opposing their enforcement." *Id.* Although both of those cases considered the issue in the context of a negotiated settlement agreement and not in connection with a Rule 68 offer of judgment, we see no reason to distinguish those cases on that basis. We are of the view that the holdings of those cases apply with equal force in this case.

The Defendants' February 23, 2000, offer was "to allow judgment to be taken against Defendants in the amount of $25,000, *with costs accrued.*" (emphasis added) The United States Supreme Court has held· that language such as that emphasized in the Defendants' offer means "plus 'costs then accrued,' whatever the amount of those costs is." *Marek v. Chesny*, 473 U.S. 1, 6, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1 (1985). In that same case the Supreme Court held that, in the context of a civil rights lawsuit, the term "costs" encompasses attorney's fees. *Id.*, 473 U.S. at 9–10, 105 S.Ct. at 3016–3017.

Plaintiff's counsel's receipt of the February 23, 2000, offer subjected him to potentially significant consequences. The offer required him to consider the merit and dollar value of his case. In his first letter dated February 29, 2000, Plaintiff's counsel accepted the offer. He currently contends that he did so, at least in part, because he construed the Defendants' offer in accordance with the United States Supreme Court's decision in *Marek, supra.*

The Defendants have not addressed any of the cases which we discuss above and view as controlling. Instead, they contend that 1) Plaintiffs' counsel did not accept the offer but instead modified its terms; and that 2) if we apply case law from other courts of appeals, we should conclude that there was no "meeting of the minds" regarding their Rule 68 offer.

We do not view Plaintiff's counsel's second letter as modifying the terms of the offer in any manner. Plaintiff's counsel unconditionally accepted the offer in his first letter. His second letter, to the extent that it addresses the Rule 68 offer at all, merely explains his beliefs regarding the scope of the offer (i.e., that it entitles Plaintiff to an additional amount for costs, including attorney's fees). Plaintiff's counsel constructively expressed those beliefs after he accepted the offer. Because his belief regarding attorney's fees is accurately based on the Supreme Court's decision in *Marek* and because Defendants' counsel forced Plaintiff's counsel into the somewhat rigid procedures dictated by Rule 68, we are of the view that it is

appropriate to hold Defendants' counsel to the terms of the Rule 68 offer which they extended and Plaintiff's counsel accepted. *See Taylor v. Chevrolet Motor Div.*, 1998 WL 341924 (E.D.Pa.) (Waldman, J.) (Rule 60 motion to vacate judgment denied because failure of defense counsel to include certain terms in Rule 68 offer was inexcusable).

We are of the view that the precedents cited above from the Court of Appeals for the Third Circuit are binding upon us. In addition, we are not persuaded that Defendants' counsel committed any mistake of fact in extending the Rule 68 offer. The so-called "mistake" was using terms which have been construed by the Supreme Court in a specific manner. The Defendants do not point to any mistake based on a fact. Because Defendant's counsel used that language in the context of a Rule 68 offer and he is charged with knowledge of binding Supreme Court and Court of Appeals precedents, we consider the error to be a mistake of law and not one of fact. In such instances

> [t]he doctrine is settled that, in general, a mistake of law, pure and simple, is not adequate ground for relief. Where a party with knowledge of all the material facts, and without any other special circumstances giving rise to an equity in his behalf, enters into a transaction affecting his interests, rights, and liabilities, under an ignorance or error with respect to the rules of law controlling the case, courts will not, in general, relieve him from the consequences of his mistake.
>
> If ignorance of the law were generally allowed to be pleaded, there could be no security in legal rights, no certainty in judicial investigations, no finality in litigations.

*In re Laurel Run Corp.*, 166 B.R. 242, 248 (M.D.Pa.1994) (Thomas, J.) (quoting *Clark v. Lehigh & Wilkes–Barre Coal Co.*, 250 Pa. 304, 312–313, 95 A. 462 (1915)). The Defendants are not entitled to any relief based on the circumstances of this case.

We will order the Clerk of Court to enter judgment consistent with the terms of the Defendants' Rule 68 offer and we will deny the Defendants' motion for relief from that judgment, or in the alternative to alter or amend that judgment. If the parties are not able to agree upon the amount of costs accrued to be added to the $25,000 judgment within 20 days, we will upon motion by Plaintiff's counsel place this case on a trial list for determination of the amount thereof.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Plaintiff's cross-motion for entry of judgment (Document 35) is granted.

2. The Clerk of Court shall enter judgment in favor of the Plaintiff in the amount of $25,000, with costs accrued.

3. The Defendants' motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, or in the alternative to alter or amend judgment pursuant to Rule 59 (Document 33) is denied.