**Mark ANDREWS, Plaintiff**

v.

**PROFESSIONAL BUREAU OF COL-LECTIONS OF MARYLAND, INC., Defendant.**

No. 3:09–cv–1947.

United States District Court, M.D. Pennsylvania.

Nov. 9, 2010.

Kenneth W. Pennington, Sabatini Law Firm, LLC, Dunmore, PA, for Plaintiff.

Richard J. Perr, Fineman, Krekstein & Harris, P.C., Philadelphia, PA, for Defendant.

## MEMORANDUM & ORDER

NEALON, District Judge.

On October 8, 2009, Plaintiff, Mark Andrews, filed a complaint claiming violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (Doc. 1). The Complaint alleged that an employee of Defendant, a corporation engaged in the business of collecting debts, placed a call to Plaintiff and left a message in an attempt to collect on an account. (*Id.*). Plaintiff alleged that the caller failed to disclose that the call was from a debt collector, failed to state the purpose of the call, failed to state the name of the debt collector, failed to state that the call and message were attempts to collect on an account, and failed to provide the disclosures required by 15 U.S.C. §§ 1692d(6), 1692e(11). (*Id.*).

Presently pending is Defendant's motion for summary judgment alleging that its offer of judgment mooted the claim. (Doc. 12). This motion has been fully briefed, *see* (Docs. 12, 15), is ripe for disposition, and, for the reasons set forth below, will be denied.

### Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d Cir.1990). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. National*

*Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

### Discussion

In the motion for summary judgment, Defendant asserts that Plaintiff rejected an Offer of Judgment for the amount of relief to which he is entitled. (Doc. 12). Defendant argues that pursuant to Rule 68 of the Federal Rules of Civil Procedure, this offer renders the claims moot and that the complaint must be dismissed for lack of subject matter jurisdiction due to no existing controversy. (*Id.*) (*citing* FED.R.CIV.P. 68(a)); *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (holding that the exercise of judicial power under Article III of the United States Constitution requires an actual case or controversy); *Weiss v. Regal Collections*, 385 F.3d 337, 340–42 (3d Cir.2004). Specifically, according to Plaintiff's Initial Disclosures, he demanded "statutory damages of $1,000, plus costs and attorney's fees." (Doc. 12, Exhibit A). On March 25, 2010, Defendant served Plaintiff with an offer providing judgment against it in the amount of $1,000.00 plus "reasonable costs and reasonable attorney fees now accrued." (*Id.*, Exhibit B); *see also* 15 U.S.C. § 1692k(a).[1]

In a brief in opposition filed on April 28, 2010, Plaintiff states that the offer limited Plaintiff's reasonable costs and attorney's fees to those "now accrued" and, thus, did not satisfy the entire claim. (Doc. 15). He argues that the offer of judgment imposed an arbitrary limit on fees and therefore did not provide Plaintiff with the full recovery available by law. (*Id.* at p. 6). Plaintiff asserts that the FDCPA provides for mandatory recovery of reasonable attorney's fees, including fees associated with the preparation, filing, and litigation of a fee petition, if necessary. (*Id.*) (citing *Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991); *David v. Scranton*, 633 F.2d 676 (3d Cir.1980)). Plaintiff cites an opinion out of the United States District Court for the Southern District of Florida which held that a similar offer, limiting "reasonable attorney's fees

---

**1.** The FDCPA provides, "any debt collector who fails to comply with any provision of this title ... is liable to such person in an amount equal to the sum of—(1) any actual damage ... [and] (2)(A) ... such additional damages as the court may allow, but not exceeding $1,000 [and] (3) ... the costs of the action together with a reasonable attorney's fee ...". 15 U.S.C. § 1692k(a).

and costs 'as of the date of this offer,'" did not satisfy the entire claim. (Doc. 15) (citing *McKenna v. Nat'l Action Fin. Servs.*, 2008 WL 2389016, 2008 U.S. Dist. LEXIS 45515 (S.D.Fla.2008)).[2] Plaintiff alleges that he remains willing to settle the claim, but for the fee limitation. (*Id.* at p. 8).

Defendant relies on Rule 68 of the Federal Rules of Civil Procedure, which provides, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." (Doc. 12). However, the United States Supreme Court held that "'costs' includes attorney's fees only if fees are defined as costs under the relevant substantive statute or authority upon which the suit is premised." *Minnick v. Dollar Fin. Group, Inc.*, 2002 WL 1023101, *2, 2002 U.S. Dist. LEXIS 9115, *5 (E.D.Pa.2002) (citing *Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985)). The FDCPA, which is at issue here, distinguishes costs from attorney's fees; therefore, such fees are not subject to the cost-shifting provision of Rule 68 and reliance thereupon is misplaced. *See* 15 U.S.C. § 1692k(a)(3); *Marek*, 473 U.S. at 9, 105 S.Ct. 3012; *Lowden v. Murphy*, 664 F.Supp. 966, 968 (E.D.Pa.1987); *Valencia v. Affiliated Group, Inc.*, 674 F.Supp.2d 1300, 1304 (S.D.Fla.2009) (concluding that "where the FDCPA's attorney's fee provision explicitly distinguishes attorney's fees from awardable "costs," Rule 68 does not preclude Plaintiff from recovering attorney's fees incurred after the date of the Offer").

Additionally, Defendant cites, *inter alia,* the Third Circuit Court of Appeals' decision in Weiss; however, that Court decided the mootness issue in the context of a class action complaint. (Doc. 12, p. 3), *citing Weiss,* 385 F.3d 337 (stating, "[b]ecause defendants' Rule 68 offer included no relief for the putative class, . . . we address the mootness question in that context"); *see also Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 403 (E.D.Pa.2006) (concluding "that the offer of judgment must now be stricken to prevent

it from undermining the use of the class action device").

■ Here, the question is whether an offer of judgment in the full amount of damages, plus reasonable costs and reasonable attorney's fees *accrued as of the date of the offer* moots a FDCPA claim. Although this Court has been unable to find any Third Circuit cases addressing this exact issue, several are helpful to the instant determination. In *Lorenzo,* the plaintiff rejected the defendants' offer of judgment to settle the FDCPA claim for $2,000 plus forgiveness of any sums due under the debt and the defendants moved for summary judgment. *Lorenzo v. Palisades Collection, L.L.C.*, 2006 WL 891170, *1, 2006 U.S. Dist. LEXIS 17212, *3 (D.N.J.2006). Although the Court granted the motion, finding that "there is no longer any justiciable issue for determination by the Court," the Court noted that the plaintiff was acting *pro se* and not entitled to attorney's fees. *Id.* at *3, 2006 U.S. Dist. LEXIS 17212 at *9.

In *Laskowski,* Judge Muir of this Court held that "a civil rights plaintiff's statutory rights to attorney's fees 'may be voluntarily bargained away by the party so entitled, [but] may not be assumed away by the party opposing their enforcement.'" *Laskowski v. Buhay,* 192 F.R.D. 480, 482–483 (M.D.Pa. 2000) (Muir, J.) (discussing *El Club Del Barrio v. United Community Corporations,* 735 F.2d 98, 100 (3d Cir.1984) and *Ashley v. Atlantic Richfield Co.,* 794 F.2d 128 (3d Cir. 1986)). Although this case dealt with a civil rights action and not a FDCPA claim, the Court's analysis centered on the fact that attorney's fees are mandated by 42 U.S.C. § 1988. *Id.*; *see Minnick,* 2002 WL 1023101 at *5, 2002 U.S. Dist. LEXIS 9115 at *14 (applying the teachings of *El Club Del Barrio* to determine that plaintiff's counsel in a FDCPA action was entitled to attorney's fees although the accepted Rule 68 offer only mentioned costs). Similarly, the FDCPA provides that a defendant who fails to comply

---

**2.** *See also Queen v. Nationwide Credit, Inc.,* 2010 WL 4006676, *2–3, 2010 U.S. Dist. LEXIS 108501, *4–8 (N.D.Ill.2010) (finding that acceptance of an offer of judgment to settle a FDCPA claim that limited the recovery of attorney's fees

to those incurred up to the date of the offer would potentially have limited the plaintiffs' recovery to less than their full statutory entitlement and rejection of said offer did not divest the Court of jurisdiction).

with the Act is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(2), (3). "The Third Circuit has interpreted this language to mean that, absent 'unusual circumstances,' an award of reasonable attorney's fees under the FDCPA is mandatory." *Minnick*, 2002 WL 1023101 at *5, 2002 U.S. Dist. LEXIS 9115 at *15 (citing *Graziano*, 950 F.2d at 113–14).

 Defendant correctly states that its offer of judgment of $1,000 provided the maximum amount of statutory damages allowed under the FDCPA; however, it did not provide the maximum amount of relief provided for by the Act. See 15 U.S.C. § 1692k(a)(3). Not only are attorney's fees mandated by the FDCPA, "[p]revailing parties may also collect reasonable attorney's fees for the time spent preparing the fee petition." *Norton v. Wilshire Credit Corp.*, 36 F.Supp.2d 216, 219 (D.N.J.1999) (citing *Institutionalized Juveniles v. Secretary of Pub. Welfare*, 758 F.2d 897, 924–925 (3d. Cir.1985)); *see also Hensley v. Berks Credit & Collections*, 1997 WL 725367, *4, 1997 U.S. Dist. LEXIS 18220, *13 (E.D.Pa.1997) (same). It is not unreasonable to assume that counsel may accrue additional fees after the offer is accepted, for example, those associated with collecting and distributing the settlement check to his client. Although Plaintiff could chose to negotiate away his right to attorney's fees, such a decision cannot be forced upon him. Therefore, the instant offer of judgment, by imposing an end date upon which reasonable attorney's fees can be collected, does not render the claim moot and the motion for summary judgment will be denied.

### Conclusion

An award of reasonable attorney's fees, which may include fees for time that counsel spent preparing a fee petition, is mandatory under the FDCPA. The Act specifically distinguishes attorney's fees from costs; thus, the cost shifting provisions of Rule 68 do not apply. While a plaintiff can agree to bargain away a fee award, his refusal to do so does not render the claim moot. Here, by cutting off the date upon which attorney's fees may accrue, Defendant's offer of judgment did not provide for full relief under the FDCPA and the motion for summary judgment will be denied.

### *ORDER*

1. Defendant's Motion for Summary Judgment (Doc. 12) is **DENIED**.